# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5548 | **DATE** | 3/9/2011 |
| **CASE TITLE** | Assioua vs. Holder, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion to remand [#7] is granted. Petitioner Arafat Assioua's application for naturalization is remanded to the United States Citizenship and Immigration Service ("USCIS"). USCIS is to issue its decision regarding Assioua's application within seven days unless USCIS intends to deny Assioua's application because of derogatory information of which Assioua is not aware, in which event USCIS shall provide Assioua with notice and an opportunity to rebut the information in accordance with 8 C.F.R. § 103.2(b)(16)(I). Any decision thereafter shall be made within 14 days of Assioua's response to the derogatory information. If no response is filed by the date for rebuttal, the decision shall issue forthwith. Civil case terminated. See statement below.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Pursuant to 8 U.S.C. § 1447(b), Arafat Assioua petitioned for a determination by this court that he meets the requirements for naturalization. Assioua was born in Morocco and has been a lawful permanent resident of the United States since at least December of 2004. He currently resides in Chicago. Assioua applied for citizenship on October 9, 2007. On September 22, 2008, Assioua attended his citizenship interview. He was subsequently notified that he had passed the required English and U.S. history and government tests. Compl., Ex. A. Assioua contacted USCIS on December 9, 2008, February 4, 2009, and December 15, 2009 to inquire about the status of his application. Each time, he was told that his application was pending additional review. Assioua filed a complaint seeking naturalization and other relief on September 1, 2010, one year and ten months after his citizenship examination.

Under 8 U.S.C. § 1447(b), an applicant may apply to the United States district court for the district in which he resides for a hearing on his citizenship application if more than 120 days have passed since the applicant's citizenship examination. The district court may "either determine the matter or remand the matter, with appropriate instructions, to [USCIS]." 8 U.S.C. § 1447(b). This court therefore has jurisdiction to consider Assioua's complaint pursuant to 28 U.S.C. § 1331 and 8 U.S.C. § 144(b). Venue is proper under 28 U.S.C. § 1391(e)(3).

Defendants request that the court remand Assioua's application to USCIS and have represented that USCIS will issue its decision within seven days. Remanding the application would conserve judicial resources and take advantage of USCIS's expertise in the immigration and naturalization context. If USCIS's decision is adverse to Assioua he may seek an administrative appeal, and if that appeal is unsuccessful he may seek a judicial determination of his application in district court. *See* 8 U.S.C. § 1421(c).

| STATEMENT |
|---|

A remand would also be consistent with the approach taken by other courts in this district. *See, e.g., Popnikolovski* v. *U.S. Dep't of Homeland Sec., Citizenship and Immigration Servs.*, 726 F. Supp. 2d 953, 961 (N.D. Ill. 2010); *Antonishin* v. *Keisler*, 627 F. Supp. 2d 872, 877-78 (N.D. Ill. 2007). When declining to remand an application, courts in other districts have cited the agency's failure to offer assurance that the application will be determined in a timely manner. *See, e.g., Omran* v. *Dep't of Homeland Sec.,* No. 1:07-cv-187, 2008 WL 320295, at *5 (S.D. Ohio Feb. 4, 2008); *Negam* v. *United States*, 480 F. Supp. 2d 877, 884 (N.D. Tex. 2007). This concern is not present here, as defendants have set forth a reasonable timeline for USCIS to render its decision.

Assioua argues that he would be unfairly prejudiced by a remand because he would not be afforded the opportunity to inspect and respond to derogatory information, as provided for in the Department of Homeland Security regulations.[1] In relevant part, 8 C.F.R. § 103.2(b)(16)(i) provides, that "[i]f the decision will be adverse to the applicant . . . and is based on derogatory information considered by [USCIS] and of which the applicant . . . is unaware, he/she shall be advised of this fact and offered an opportunity to rebut the information and present information in his/her own behalf before the decision is rendered."

This procedural safeguard can be preserved through the court's instructions to USCIS on remand, without sacrificing judicial efficiency or the benefit of the agency's expertise. Indeed, courts frequently tailor their instructions to the circumstances of the individual applicant's case. *See, e.g.*, *Popnikolovski,* 726 F. Supp. 2d at 961 (ordering "a timely decision" on remand); *Al-Atiyeh* v. *Swacina*, 650 F. Supp. 2d 1244, 1247 (S.D. Fla. 2009) (establishing deadlines for USCIS to give applicant copy of his file, hold a review hearing, and issue final decision); *Martinez* v. *Secretary, Dep't of Homeland Sec.*, 670 F. Supp. 2d 1325, 1329–30 (M.D. Fla. 2009) (setting deadlines for initial decision, presentation of evidence in response by applicant, and administrative review hearing, and instructing USCIS to inform the court as each deadline is met or passed).

Accordingly, Assioua's application is remanded to USCIS. USCIS is instructed to issue a decision on Assioua's application within seven days or, if it intends to issue an adverse decision that is based on derogatory information that falls within the scope of 8 C.F.R. § 103.2(b)(16)(i), USCIS shall offer Assioua the opportunity to rebut the information and shall render its decision within 14 days of Assioua's rebuttal.

---

1. USCIS offers no indication of the decision it intends to issue.